**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE BURLINGTON INSURANCE COMPANY,

Plaintiff,

v. Case No.:

CENTRAL FLORIDA ASPHALT, LLC, BRITTANY BOND, L.G.H. a minor, by and through her natural mother and guardian, BRITTANY BOND, A.N.H. a minor, by and through her natural mother and guardian, BRITTANY BOND.

Defendants.

---

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiff The Burlington Insurance Company ("TBIC") files this declaratory judgment action against Defendants Central Florida Asphalt LLC ("CFA"), Brittany Bond, L.G.H. a minor, by and through her natural mother and guardian, Brittany Bond, and A.N.H. a minor, by and through her natural mother and guardian, Brittany Bond, and alleges as follows:

### Nature of the Action

1. This is an action for a declaratory judgment in accordance with 28 U.S.C. §§ 2201 et seq. to establish that there is no coverage for an underlying action arising out of an auto accident under a liability policy with an absolute auto exclusion.

## Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between citizens of different states.

3. This action is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., which authorizes this Court to declare the rights and legal relations of the parties in a case of actual controversy within its jurisdiction.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because CFA is a resident of this district and all defendants reside in Florida.

5. All conditions precedent have occurred, been performed, or have been waived.

## The Parties

6. There is complete diversity of citizenship.

7. TBIC is incorporated in North Carolina with its principal place of business in Connecticut.

8. CFA is a Florida limited liability company, with its principal place of business located at 867 Hanover Way, Lakeland, Florida 33813, and whose sole member is a Florida citizen.

9. Brittany Bond is a Florida citizen.

10. L.G.H. is a Florida citizen.

11. A.N.H. is a Florida citizen.

## The Policy

12. TBIC issued a commercial general liability policy to CFA, as the named insured, bearing policy number 272B003410 and effective from May 29, 2024 to May 29, 2025 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

13. The Policy provides, in relevant part, as follows:

**AMENDMENT – SECTION I INSURING AGREEMENT**

* * *

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Paragraph **1. Insuring Agreement** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced in its entirety with the following:

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

* * *

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

* * *

**SECTION V – DEFINITIONS**

* * *

**2.** "Auto" means:

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

**12.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

**(1)** Power cranes, shovels, loaders, diggers or drills; or

**(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in Paragraph **a., b., c.** or **d.** above that

are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

**(1)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

**(2)** Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in Paragraph **a., b., c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

**(1)** Equipment designed primarily for:

**(a)** Snow removal;

**(b)** Road maintenance, but not construction or resurfacing; or

**(c)** Street cleaning;

**(2)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

**(3)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law

are considered "autos".

* * *

**AMENDMENT - AIRCRAFT, AUTO OR WATERCRAFT EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Paragraph **C.** of this endorsement replaces Exclusion **g. Aircraft, Auto or Watercraft** of **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** under the Commercial General Liability Coverage Form.

* * *

**C.** This insurance does not apply to:

**Manned Aircraft or Manned Aerial Vehicle Or Unmanned Aircraft Or Unmanned Aerial Vehicle, Auto Or Watercraft**

"Bodily injury", "property damage" or "damages" caused by or arising out of any "manned aircraft or manned aerial vehicle", "unmanned aircraft or unmanned aerial vehicle", "auto" or watercraft, including "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is less than 26 feet long:

**(a)** Not being used to carry persons or property for a charge; or

**(b)** Not being used in any speed or racing contest or fishing tournament or any other similar contest or tournament, including preparation or practice for same;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided:

**(a)** The "auto" is not owned by or rented or loaned to you or any insured; and

**(b)** You are not in the "auto", trucking, cartage or livery business or in the business of parking or storing "autos";

**(4)** "Bodily injury" or "property damage" arising out of the operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

<u>**The Underlying Action**</u>

14. On April 27, 2026, Brittany Bond brought the underlying action styled *Brittany Bond, et al. v. Regions Bank, et al.*, bearing case number 16-2026-CA-002966 and pending in circuit court in Duval County, Florida.

15. On August 5, 2026, Bond filed the second amended complaint (the "SAC") in the underlying action. A true and correct copy of the SAC is attached as **Exhibit B**.

16. In her SAC, Bond alleges that on January 30, 2025, a crash occurred in Duval County, Jacksonville, Florida at or near a property located at 6524 Atlantic boulevard, Jacksonville, Florida 32211 ("Property"). *Id.* at ¶¶ 7, 24-25.

17. The Property was allegedly owned and operated by Regions Bank. *Id.* at ¶ 7.

18. At the time of the accident, an automobile was exiting the parking lot at or near the Property onto Atlantic Boulevard. *Id.* at ¶ 24.

19. At that time, Paul Labarge was operating his motorcycle and driving eastbound on Atlantic Boulevard, with Brittany Bond as a passenger on his motorcycle. *Id.* at ¶¶ 25-26.

20. The SAC alleges that the underlying defendants' negligence caused or contributed to the crash between Paul Labarge's motorcycle and the automobile exiting the Property onto Atlantic Boulevard. *Id.* at ¶¶ 37.

21. Specifically, the SAC alleges that as a direct and proximate result of the negligence of the underlying defendants, including CFA, in the design, engineering, construction, installation and maintenance of confusing or misleading traffic markings, Brittany Bond suffered catastrophic injuries. *Id.* at ¶ 36.

22. In the underlying action, Bond asserts a claim for negligence against CFA, alleging that it owed motorists a duty of reasonable care in the construction, overseeing, and/or maintenance of the Property. *Id.* at ¶ 69. CFA was allegedly negligent in the installation, painting, or maintenance of confusing pavement markings in the parking lot of the Property, or negligent in the failing to inspect, monitor, or correct known hazardous conditions involving confusing markings. *Id.* at ¶¶ 60-61.

23. The SAC alleges that CFA's negligence was the proximate cause of the motor vehicle collision and Bond's injuries. *Id*. at ¶¶ 62-63.

24. The SAC also asserts claims for loss of parental consortium on behalf of L.G.H. and A.N.H. against CFA. *Id*. at ¶¶ 97-102; 138-143.

25. The SAC seeks damages on behalf of Bond for past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, and loss of earning capacity, among others (*id*. at ¶ 36) and damages on behalf of L.G.H. and A.N.H. for loss of parental consortium, comfort, and companionship (*id*. at ¶ 37).

26. TBIC and CFA disagree as to whether the underlying action is covered under the Policy.

27. An actual controversy exists regarding the parties' rights, obligations, and liabilities under the Policy, and there is a bona fide and present need for the declaration TBIC seeks.

**COUNT I – THE ABSOLUTE AUTO**
**EXCLUSION PRECLUDES COVERAGE**

28. TBIC incorporates paragraphs 1 through 27 above as if fully set forth herein.

29. The Policy contains an absolute auto exclusion, which precludes coverage for any bodily injury "caused by or arising out of any … 'auto'."

30. The Policy further provides that the absolute auto exclusion applies "even if the claims against any insured allege negligence or other

wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured."

31. The Policy defines an "auto" as, in pertinent part, "[a] land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment."

32. The SAC alleges that the injuries and damages sustained by Bond, L.G.H., and A.N.H. resulted from a motor vehicle collision and therefore arise out of the use of an "auto" as defined by the Policy.

33. The alleged injuries and damages sustained by Bond, L.G.H., and A.N.H. occurred as a direct and proximate result of the use of an "auto," and without the motor vehicle crash, they would not have been injured.

34. Consequently, the absolute auto exclusion applies, and TBIC has no duty to defend or indemnify CFA in the underlying action.

**COUNT II – NO COVERAGE UNDER INSURING AGREEMENT**

35. TBIC incorporates paragraphs 1 through 27 above as if fully set forth herein.

36. The Policy's insuring agreement provides, in pertinent part, that TBIC "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'."

37. The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

38. The SAC seeks damages for, among other things, loss of earnings, loss of services, mental anguish, and loss of companionship.

39. To the extent that the SAC does not seek damages because of "bodily injury," there is no coverage.

**REQUESTED RELIEF**

TBIC respectfully requests that this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Policy;

b. Declare that TBIC has no duty to defend CFA in the underlying action;

c. Declare that TBIC has no duty to indemnify CFA for any damages, costs, or expenses arising from the underlying action;

d. Declare that TBIC may withdraw the defense that it is presently providing to CFA under a reservation of rights in the underlying action;

e. Award TBIC all the attorneys' fees, costs, and expenses it has incurred and is continuing to incur to defend CFA in the underlying action;

f. Award TBIC all attorneys' fees, costs, and expenses it incurs in this action to the extent permitted by law; and

g. Award all other relief that this Court deems just and proper.

Dated: September 10, 2026

Respectfully submitted,

/s/ Joel McNabney
Joel McNabney, Esq.
Florida Bar No. 106507

Audrey E. Goldman, Esq.
Florida Bar No. 123530
**DAC BEACHCROFT LLP**
800 Brickell Avenue, Suite 432
Miami, Florida 33131
jmcnabney@dacbeachcroft.com
agoldman@dacbeachcroft.com
***Attorneys for Plaintiff The Burlington Insurance Company***